**Unifund Corp. v. Sattar**

*Joel M. Flink*, for plaintiff.
*David A. Martino*, for defendant.

ZULICK, *J.*, May 9, 2014—Unifund Corporation brought this action against Carmen Sattar to collect an unpaid Sears MasterCard that was originally issued by Citibank. The complaint was filed on October 12, 2011. Ms. Sattar filed an answer on November 4, 2011. The case went to arbitration on November 9, 2012. The arbitrators found for defendant Carmen Sattar. Unifund appealed this determination and the case was placed on the April, 2014 civil trial list. It was then scheduled for non-jury trial on

April 15, 2014. The parties appeared with their counsel and Plaintiff presented testimony.

## FINDINGS OF FACT

1. A Sears MasterCard account was opened in the name of Carmen Sattar, at 37 Hilltop Drive, Kunkletown, PA 18058 before October 1, 2007. This is defendant Carmen Sattar's name and address.

2. On October 1, 2007, a balance transfer was made to this account from a Bank of America Platinum Mastercard account in the amount of $8,500.

3. Regular payments were made on this account until October 27, 2008 when a $7,500 payment was made to pay the account in full. Plaintiff's exhibit 3, November 5, 2008 statement.

4. On December 9, 2008 a balance transfer was charged to this account from a discover card in the amount of $10,000. *Id.* January 6, 2009 statement.

5. Payments were made on the account until July, 2009. *Id.*

6. On June 11, 2009, a cash advance was taken on the Card at ESSA Bank and Trust, Brodheadsville, PA. *Id.* August 4, 2009 statement.

7. On June 12, 2009, the credit card was used to purchase merchandise at the Rite Aid Store at Brodheadsville, PA.

8. On July 2, 2009, a late payment fee was assessed due to lack of payment on the account. *Id.*

9. No further payments were made on the account.

10. A written bill of sale dated June 17, 2011 was signed by Citibank (South Dakota), N.A. selling "the Accounts

described in "exhibit 1 and the final electronic file" to Pilot Receivables Management, LLC. No document marked exhibit 1 was attached to the bill of sale. Plaintiff's exhibit.

11. An assignment dated September 1, 2010 between Pilot Receivables Management, LLC and Unifund CCR Partners assigned to Unifund CCR Partners "the Receivables, for collection purposes only, including conducting litigation in assignee's name, for those Receivables which assignor owns or may acquire from time to time. Assignor shall retain title and ownership of such receivables." No specific identification of accounts was given. Plaintiff's exhibit 1.

12. An assignment dated March 31, 2009 between Unifund CCR Partners and Unifund Corporation assigned to Unifund Corporation "the receivables, for collection purposes only, including conducting litigation in assignee's name, for those receivables which assignor owns or may acquire from time to time. Assignor shall retain title and ownership of such receivables." No specific identification of accounts was given. Plaintiff's exhibit 1.

13. At the time the complaint was filed, plaintiff sought $14,578.07 in damages.

## DISCUSSION

Unifund Corporation seeks to obtain a judgment against Carmen Sattar for non-payment of a Sears MasterCard account in the amount of $14,578.07. Unifund introduced a number of documents in support of its case pursuant to P.R.C.P. 1311.1, as plaintiff's exhibit 1. The first document presented was a bill of sale from Citibank dated June 17, 2011 in which Citibank sold accounts to Pilot Receivables Management, LLC. The bill of sale identified the accounts being sold as those described on exhibit 1. However, there

was no annexed document labeled exhibit 1.[1]

The second was an assignment "effective as of September 1, 2010" (earlier than the Citibank bill of sale), from Pilot Receivables to Unifund CCR Partners assigning "all of assignor's rights in the receivables, for collection purposes only, including litigation in assignee's name, for those receivables which assignor owns or may acquire from time to time. Assignor shall retain title and ownership of such receivables." Plaintiff's exhibit 1.

The third document was an assignment from Unifund CCR partners to Unifund Corporation, dated March 31, 2009, assigning "all of the assignor's rights in the Receivables, for collection purposes only, including conducting litigation in assignee's name, for those receivables which assignor owns or may acquire from time to time." Plaintiff's exhibit 1.

Unifund contends that Pilot Receivables Management obtained an assignment of Carmen Sattar's Sears Gold MasterCard account, account number 6813, delinquent since the last payment of $150 on May 26, 2009. Plaintiff's exhibit 1, pages 4-11. Unifund argues that it is the current owner of the receivable through the earlier assignments from Pilot Receivables Management, LLC and Unifund CCR Partners of future choses in action.

Unifund did not introduce any application signed by Ms. Sattar to open the account. No signed contract between Ms. Sattar and Sears Master Card was offered. No purchase receipt signed by Ms. Sattar was offered. No

---

1. Matthew Mikhail, a trial litigation specialist for Unifund Corp. testified that several pages of lines from a computer spreadsheet attached as pages 4-11 in plaintiff's exhibit 1 were taken from the bill of sales, exhibit 1, which included a portfolio of many other accounts.

signed request for balance transfer was offered. Nothing signed by Ms. Sattar was offered into evidence. No terms and conditions of the alleged credit card agreement were offered.

Unifund introduced Sears MasterCard billings on the account purportedly sent to Carmen Sattar at her address in Kunkletown, commencing on November 2, 2007. The first entry in the November 2, 2007 bill was for an $8,500 balance transfer. Plaintiff's exhibit 1. Regular payments were made on the account until an October 27, 2008 payment of $7,500 brought the account current. No evidence was offered showing that Ms. Sattar authorized the balance transfer or who made these payments on the account. *Id.*

On December 23, 2008, The Sears MasterCard records show a balance transfer was made from a discover card in the amount of $10,000. No evidence was offered to show that Carmen Sattar authorized this transfer. *Id.* Regular payments were made on the account until the last payment was made on May 26, 2009. Charges were made on June 11, 2009 on the card at ESSA in Brodheadsville, PA and Rite Aid in Brodheadsville, PA. No. evidence that Carmen Sattar made the payments or the charges on the account was offered.

Plaintiff called Ms. Sattar as a witness. She testified that she had no recollection of opening this card or obtaining a balance transfer on it. She testified that her husband handled household bills, and may have obtained a credit card in her name. She was not aware that this card was open in her name and was not aware that it was delinquent. She knew that her husband did have a discover card. She was not aware that card was delinquent either. She first learned of Unifund's claim when the complaint was filed

against her.

The defendant raises two arguments in seeking to dismiss Unifund's claims. The first is that the record of Citibank invoices was hearsay, not covered by an exception. Unifund contends that the records were properly admitted as a business record pursuant to Pa.R.E. 803(6). Unifund called Matthew Mikhail, who testified that he was the custodian of Unifund's records. He testified that Citibank assigned the Sattar credit card account to Pilot Receivables Management, which assigned them to Unifund CCR Partners, which assigned them to Unifund Corporation. No one from Citibank testified.

Unifund argues that the Citibank billing records were purchased by Unifund and its assignors in the regular course of business and were incorporated into their business records.

This argument was considered and rejected by the Superior Court in *Commonwealth Financial Systems, Inc. v. Smith*, 15 A.3d 492 (Pa. Super. 2011). There, in a case similar to this one, a debt collection company offered account statements, bills of sale and credit card agreements from a third party creditor as business records in a suit against the credit card user. The superior court held that "mere acceptance or incorporation into an assignee's business records is not enough to satisfy the trustworthiness requirements of Pa.R.E. 803(6)." *Id.* at 499. Rule 803(6) "requires the proponent of documentary evidence to establish circumstantial trustworthiness." *Id.* Here, Mr. Mikhail was an employee of Unifund, who had no information about how Citibank maintained the Sattar records.

Unifund has failed to establish the trustworthiness of

the Sattar records. No document was produced showing that Carmen Sattar ever authorized, used or benefited from the account. She did not admit that she did; in fact the evidence credibly suggested that the account was not created or used by her, but rather was created and used by her husband in her name without her knowledge. No evidence was offered to suggest that Ms. Sattar knew he had done so, although she knew generally that her husband had obtained credit cards in her name. No evidence was introduced to show that she benefited from the use of the loaned funds. These records are hearsay and will not be considered.

Secondly, defendant argues that Unifund has failed to meet its burden in establishing a breach of contract. Ms. Sattar contends that the evidence does not support the finding of a contract between the parties. The court agrees. The record is bereft of testimony or one document showing that Carmen Sattar had knowledge of the use or payment of this credit card. An express contract is formed by either written or verbal communications." *Ingrassia Constr. Co. v. Walsh*, 486 A.2d 478, 483 n. 7, (Pa. Super.1984). It is elementary that an express contract requires an offer and acceptance. Here there is no direct evidence of such an agreement and no circumstantial evidence other than the fact that the account was created in the name of Carmen Sattar and at her address.

Nor has Unifund met its burden with an argument for an implied contract. "A contract implied in fact is an actual contract, and...arises where the parties agree upon the obligations to be incurred, but their intention, instead of being expressed in words, is inferred from their acts in the light of the surrounding circumstances." *Tyco Elecs. Corp. v. Davis*, 895 A.2d 638, 640 (Pa. Super. 2006). "A contract

implied in fact can be found by looking to the surrounding facts of the parties' dealings. Offer and acceptance need not be identifiable and the moment of formation need not be pinpointed." *Ingrassia Constr. Co.*, 486 A.2d at 483. Again, there is no direct evidence that Carmen Sattar created or used this credit card account. While the fact that the card is in her name and uses her address is circumstantial evidence, there has been insufficient circumstantial evidence presented for Unifund to meet its burden of proof by a preponderance of the evidence. An award for the defendant will be entered.

## DECISION

And now, this 9th day of May, 2014, following non-jury trial, it is ordered that judgment is entered for the defendant and against the plaintiff.